UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| EDWIN GONZALES, and TERESA MICHAEL, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 11-83-ART |
| and | ) ) |
| KENTUCKY EMPLOYERS' MUTUAL INSURANCE CO., | ) ) ) |
| Intervening Plaintiff, | ) **MEMORANDUM OPINION &** ) **ORDER** |
| v. | ) ) |
| HAYDON BROTHERS CONTRACTING, INC., | ) ) ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Haydon Brothers Construction claims this personal injury case belongs in federal court because it presents a "Pandora's Box of liability" for everyone involved in the litigation, and that "[t]his Court, and this Court alone, has the power to open that box." R. 12. However, just as Greek mythology recounts that Pandora was NOT to open the box, *see* Hesiod, *Works and Days*, *in* Theogony and Works and Days 35, 39–40 (M.L. West trans., Oxford Univ. Press 1999), this Court's limited jurisdiction dictates that jurisdiction not be assumed solely as a means of discovery. Neither diversity nor federal-question jurisdiction is present. Indeed, the only purported connection to federal law is Haydon Brothers' pursuit of evidence that the plaintiff, Edwin Gonzales, is an illegal immigrant. But neither Gonzales's citizenship status nor Haydon Brothers' desire to obtain discovery of this status is relevant to

federal jurisdiction. Because this result is obvious, and the eve-of-trial removal is egregious, Haydon Brothers must pay the fees and costs Gonzales incurred fighting removal.

## BACKGROUND

In October 2009, Haydon Brothers was performing blasting operations while working on a highway project. R. 1, Attach. 8. A rock from the blasting allegedly struck Edwin Gonzales in the head. *Id*. Gonzales and his wife sued Haydon Brothers, a Kentucky Corporation, in state court on strict-liability and loss-of-consortium theories and later added a negligent hiring theory. *Id*.

During the litigation, Haydon Brothers consulted with the Social Security Agency ("SSA") about Gonzales's Social Security number. R. 1, Attach. 2. The SSA informed Haydon Brothers that the social security number did not belong to Gonzales. *Id*. Only a few weeks before trial, Haydon Brothers removed this case to federal court claiming that the SSA's regulations allow disclosures only in federal court, thus justifying federal jurisdiction. R. 1 (citing 20 C.F.R. § 401.180(d)). In essence, Haydon Brothers claims this Court has jurisdiction because it needs discovery of impeachment material and that material potentially is available from a federal agency. Of course, Haydon Brothers cannot cite a single case for this startling proposition.

Haydon Brothers claims discovery of Gonzales's citizenship status is necessary for three reasons: (1) the information is important as it relates to Gonzales's credibility, (2) discovery could uncover a potential Medicare lien that would complicate Gonzales's recovery, and (3) Gonzales's citizenship status could affect the lost wages damages calculation.

2

**DISCUSSION**

By invoking the Court's federal-question jurisdiction, R. 1, Haydon Brothers took upon itself the burden of showing how this garden-variety tort case arises under federal law. *See* 28 U.S.C. § 1331. To do so, Haydon Brothers chose to anchor removal completely on its perceived entitlement to discovery. The problem is that discovery has never been a basis for federal-question jurisdiction. Instead, a complaint "arises under federal law" if it "(1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal law claims in disguise." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc)). This case satisfies none of these grounds for removal.

**I. Grounds for Removal**

*Federal cause of action*: To meet this ground of removal, the complaint by its terms must state a federal cause of action. *Brunner*, 629 F.3d at 530. But, Gonzales's complaint does not even hint at a federal cause of action. Instead, the complaint is based purely on Kentucky tort law. R. 1, Attach. 9.

*Substantial Federal Question*: This ground cannot be satisfied either because Gonzales's state-law claims do not turn on a disputed and substantial federal issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 318 (2005). Haydon Brothers asserts that Gonzales's citizenship status affects his future income potential and so must be determined in order to calculate damages. But even if true, this does not make

Gonzales's tort claims dependent on a federal issue. *See, e.g.*, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (finding a substantial federal issue where the plaintiff's state-law tort claim was based on violation of a federal standard of care). At best, this is simply a defense (i.e., mitigation) Haydon Brothers hopes to employ. But defenses are inadequate to confer federal-question jurisdiction. *See Merrell Dow*, 478 U.S. at 808 ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("It is not enough [for removal] that the plaintiff alleges some anticipated defense to his cause of action . . . ."). Haydon Brothers cannot convert Gonzales's state-law claim into a federal question simply because it wants discovery for a potential defense.

*Complete Preemption*: At first, Haydon Brothers appeared to suggest that the possibility that Gonzales's claims could raise immigration issues meant that it was completely preempted by federal law. R. 1. But Haydon Brothers has since abandoned this suggestion, a wise choice for two reasons. First, the doctrine of complete preemption has only been applied in three areas: the Labor Management Relations Act, ERISA, and the National Bank Act. *Brunner*, 629 F.3d at 531. In fact, the Supreme Court recently affirmed that federal immigration law does not completely preempt state law. *See Chamber of Commerce of the United States v. Whiting*, 131 S.Ct. 1968, 1979 (2011) ("The simple fact that federal law creates procedures for federal investigations and adjudications [in immigration] culminating in federal civil or criminal sanctions does not indicate that Congress intended to prevent States from establishing their own procedures for imposing their own sanctions through licensing."). Second, Gonzales's claims do not implicate

4

immigration law. It has nothing to do with whether Haydon Brothers is strictly liable for Gonzales's injury or whether Haydon Brothers negligently hired someone.

Additionally, even if Gonzales was discovered to be a noncitizen, it is not pertinent for federal jurisdiction purposes. Whether a noncitizen can bring a Kentucky case is a question of Kentucky law. And, that question—a pure state-law question—Kentucky courts can decide without this Court's intervention. *See Collins v. Santiago*, No. 2007-CA-00391, 2007 WL 3037762, at *2 (Ky. Ct. App. Oct. 19, 2007) (holding that an illegal immigrant does have standing to file a custody suit in Kentucky state court). Rather than argue the contrary, Haydon Brothers suggests that Gonzales's citizenship status is critical to his credibility. But the logical leap from simple discovery for impeachment to federal jurisdiction cannot be made. Absent Congress changing the rules, discovery between two private parties (even if it is sought from a federal agency) has not, is not, and will not ever be a basis for federal jurisdiction.

*Artful Pleading*: Removal cannot be justified on the grounds of artful pleading because there are no "federal issues [that] necessarily must be resolved to address the state law causes of action." *Brunner*, 629 F.3d at 532. Haydon Brothers may have meant to invoke this ground when it stated that a Medicare lien might exist. In certain cases, federal regulations require that Medicare must be reimbursed out of settlement amounts. 42 C.F.R. § 411.24. Haydon Brothers asserts that if the social security number Gonzales provided is not his, there may be unknown Medicare payments attached to it that would complicate the proceedings. R. 12. Even if this were an issue requiring resolution, it does not expose Gonzales's state-law claims as federal ones. Whether a Medicare lien exists is at best a

5

procedural issue, and it has nothing to do with Haydon Brothers' potential liability or federal jurisdiction.

Rather than focus on the potential grounds for removal, Haydon Brothers' three "reasons" instead describe how its defense will be prejudiced without discovery from the SSA and the potential complications that could result if Gonzales is a noncitizen. None of these provide a basis for federal jurisdiction, and it was not reasonable to believe that any could.

## II. Attorney Fees

As part of the remand order, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has discretion to grant fees to the opposing party if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Haydon Brothers lacked a reasonable basis for removal. Gonzales's action relies exclusively on state law and could not reasonably be construed as supporting federal-question jurisdiction. The "ground" chosen as justifying removal by Haydon Brothers—discovery—simply has nothing to do with federal jurisdiction. This consideration on its own is sufficient to award the plaintiff attorney's fees. *See Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913–14 (2007). But couple this with the timing of Haydon Brothers' removal—a mere three weeks before scheduled trial—and the only reasonable conclusion is that Haydon Brothers removed this case to delay litigation. The Court therefore awards Gonzales attorney fees and costs incurred as a result of the removal.

## CONCLUSION

Accordingly, it is **ORDERED** that the motion to remand, R. 7, is **GRANTED**. All other pending motions are **DENIED** as moot, and this case is **REMANDED** to the **Pike Circuit Court**. It is further **ORDERED** that the plaintiffs file a statement cataloguing their costs, including attorney's fees, incurred as a result of the removal no later than **July 27, 2011**. 28 U.S.C. § 1447(c).

This the 27th day of June, 2011.

Signed By:
Amul R. Thapar
United States District Judge